RITA W. GRUBER, Judge, concurring. |J agree with the majority’s decision to reverse and remand this case. It was error for the trial court to proceed with the guardianship hearing without the required mental evaluation. I write separately to point out that the trial court also failed to give due regard to the order of preference in appointing a guardian as set out in Arkansas Code Annotated section 28-65-204 (Repl.2012). The statute provides, in pertinent part, that “the court shall appoint as guardian of an incapacitated person the one most suitable who is willing to serve, having due regard to ... [t]he relationship by blood or marriage to the person for whom guardianship is sought.” Ark.Code Ann. § 28-65-204(b)(4). We have stated that the statute “does not mandate an ironclad order of preference, but leaves the appointment of a guardian who would forward the best interests of the incompetent to the sound discretion of the court.” Martin v. Decker, 96 Ark.App. 45, 53, 237 S.W.3d 502, 507 (2006). However, it is recognized as a general rule that consanguinity is considered a recommendation in the selection of a guardian for an incompetent, and will not be disregarded except upon strong grounds, the presumption being that the next of kin of the incompetent will be more likely to treat the latter with patience and affection than will a' stranger. McCartney v. Merchants & Planters Bank, 227 Ark. 80, 82-83, 296 S.W.2d 407, 408-09 (1956) (citing 21 A.L.R.2d 880). Here, the trial court did not make adequate findings as to why intervenors, Pam and Don Beckham, should be granted guardianship over appellant, who is Ms. Whaley’s granddaughter.